IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROMELL THOMPSON, | : | |
| Petitioner, | : | 1:15-cv-0380 |
| v. | : | Hon. John E. Jones III |
| | : | |
| FACILITY MANAGER, TAMMY | : | |
| FERGUSON, *et al.*, | : | |
| Respondents. | : | |

## MEMORANDUM

### February 18, 2016

Petitioner Romell Thompson ("Petitioner"), a Pennsylvania state inmate presently incarcerated at the State Correctional Institution at Benner, Bellefonte, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 23, 2015, challenging his Court of Common Pleas of Cumberland County convictions. (Doc. 1). For the reasons set forth below, the petition will be denied as untimely.

**I.   Background**

Following a jury trial, Petitioner was convicted of the following: Criminal Conspiracy with Intent to Deliver in violation of 18 PA.CONS.STAT.ANN. § 903; Possession with Intent to Deliver – Cocaine, in violation of 35 PA.CONS.STAT.ANN § 780-113(a)(30); and Possession with Intent to Deliver – Heroin, in violation of 35 PA.CONS.STAT.ANN §780-113(a)(30). (Doc. 1, p. 1; Doc. 12-1, pp. 2-3). He received an aggregate sentence of ten to twenty years on August 25, 2009. (*Id.*).

Following the denial of post-trial motions, Petitioner timely appealed the judgment of sentence to the Superior Court of Pennsylvania. (*See* Electronic Docket, CP-21-CR-002705-2008 found at http://ujsportal.pacourts.us). The superior court affirmed the judgment of sentence on August 30, 2010. (Doc. 12-2, p. 5). No further action was taken on the direct appeal.

He filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT.ANN. §§ 9541-46 on April 14, 2011. The PCRA petition was denied on January 24, 2012. (Doc. 12-3, pp. 4-17). He filed a notice of appeal on March 14, 2012, which was quashed as untimely on June 8, 2012. (*Id.* at 2). Petitioner pursued this PCRA petition no further.

On October 1, 2013, Petitioner filed a second PCRA petition. (Doc. 12-4, pp. 65-78). The petition was denied on October 11, 2013. (*Id.* at 63-64). Petitioner appealed and the superior court affirmed the PCRA court and noted that the PCRA was untimely filed and that Petitioner failed to satisfy any exceptions to the timeliness bar. (*Id.* at 26-31). He filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied on November 25, 2014. (*Id.* at 2).

Petitioner filed the instant petition in this court on February 23, 2015, primarily challenging the legality of his sentence under *Alleyne v. United States*, — U.S. — ; 133 S.Ct. 2151 (2013) . Upon preliminary review of the petition, *see*

R. GOVERNING § 2254 CASES R. 4, Respondents were directed to file a response addressing the timeliness of the petition. (Doc. 5, citing *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations (provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")). A response and memorandum of law seeking denial of the petition as untimely or, alternatively on the merits, was filed on June 9, 2015. (Docs. 9-10). Petitioner was afforded the opportunity to file a reply. (Doc. 5). He failed to do so.

**II.    Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired.  *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on August 25, 2009.  His appeal proceedings concluded on August 30, 2010, when the superior court affirmed his judgment of sentence.  His time for further pursuit of direct appeal proceedings expired on September 29, 2010.  The one-year statute of limitations period commenced running as of that date and expired one year later.  Hence, the federal petition, which was filed on February 23, 2015, is patently untimely.

The Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations in the matter *sub judice* began running on September 29, 2010, and expired on September 29, 2011. Approximately 197 days elapsed by the time Petitioner filed his first PCRA petition on April 14, 2011. The petition was denied on January 24, 2012, and the statue remained tolled until February 23, 2012, the last date on which he could have timely appealed the denial of his PCRA petition to the superior court. *See Swartz v. Meyers*, 204 F.3d 417, 420, 424 (3d Cir. 2000) (holding that the AEDPA statute of limitations is tolled between a ruling on a PCRA petition and a timely appeal).[1] At that time, there was approximately 168 days left, and, in order to effectively toll the statute, it was necessary for Petitioner to properly file a petition on or before August 11, 2012. Nothing was filed and, as a result, the statute expired.

Although Petitioner filed a second petition on October 1, 2013, it did not operate to toll the statute because it was filed after the expiration of the limitations

---

[1] Because the appeal was quashed as untimely, Petitioner is not entitled to the benefit of the time period that the untimely appeal was pending. *See Swartz v. Meyers*, 204 F.3d 417, 420, 424 (3d Cir. 2000)

period. A PCRA petition does not toll an expired statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed"). Moreover, the second petition was dismissed as untimely. An untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See Pace v. Diuglielmo*, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). *See also Merritt v. Blaine*, 326 F.3d 157, 167–68 (3d Cir. 2003). The federal petition which was received in this court on February 23, 2015, was filed after the expiration of the limitations period. Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

    **B.**     **Equitable Tolling**

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant

seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances

therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Review of the state court electronic docket reveals that Petitioner failed to exercise reasonable diligence throughout the limitations period he seeks to toll. He provides no explanation for the delay in pursuing his state court PCRA appellate remedies or for his delinquency in seeking relief in federal court. Nor does he indicate that extraordinary circumstances obstructed his pursuit of post-conviction relief in either forum. To the extent that he relies on *Alleyne v. United States*, 133 S.Ct. 2151, in seeking equitable tolling, as Respondents point out, the United States Court of Appeals for the Third Circuit recently held that "…*Alleyne* cannot be applied retroactively to cases on collateral review." *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014). Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III.  Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

### IV.  Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant

has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will issue.